(119 So. 596)

## McKINNON v. STATE.   (4 Div. 481.)

Court of Appeals of Alabama.   Jan. 15, 1929.

T. E. Buntin, of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J.   Appellant was convicted of the offense of violating the prohibition laws—by having whisky in his possession. The court has read the entire evidence, sitting en banc. Our consideration of same would have been rendered much less difficult had the appellant seen fit to file a motion, in the lower court, to set aside the verdict of the jury, on the ground that same was insufficiently supported by the evidence. But, after mature deliberation, we have reached the conclusion that the general affirmative charge, duly requested, should have been given in appellant's favor.

This court, in the past, has manifested its thorough sympathy with the prohibition laws. We reaffirm that sympathy. But the whole body of our criminal jurisprudence cannot be sacrificed in order to sustain convictions that may be had for the violation of these laws. Where, as here, whisky is found, not on the premises of a defendant, and with which he is not shown by the evidence to be in any way connected, the trial court should not submit the issue of defendant's guilt vel non of violating the prohibition laws to the jury. It might be, that the jury trying the case, having so much knowledge of the local situation, in the particular case, would be inevitably, but unconsciously, led to a verdict of guilt against the defendant, which would work no injustice to him, the individual. But our government must be preserved as one of law, not men.

For the error in refusing to give the general affirmative charge in appellant's favor, the judgment is reversed, and the cause remanded.

Reversed and remanded.